UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

REGINALD LOGUE          ]
    Plaintiff,        ]
                        ]
v.                      ]   No. 3:14-0879
                        ]   Judge Campbell
JERRY LESTER, et al.    ]
    Defendants.      ]

# O R D E R

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall not issue at this time.

The plaintiff is hereby ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Jerry Lester, Warden of the West Tennessee State Penitentiary, and two members of the WTSP staff, alleging that they have violated his civil rights by failing "to help me get my Tomis sheet corrected".

Venue for the instant case is governed by 28 U.S.C. § 1391(b). That provision requires that this action be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

The defendants to this action reside in or around Lauderdale County, the site of the West Tennessee State Penitentiary. Plaintiff's claims arose and involve matters solely related to his confinement at the West Tennessee State Penitentiary. Lauderdale County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(2). Thus, venue for this action belongs in that judicial district.

Accordingly, the Clerk is directed to TRANSFER this case to the United States District Court for the Western District of Tennessee, Western Division at Memphis, Tennessee. 28 U.S.C. § 1406(a). The Clerk is further instructed to forward a copy of this order to the Warden of the West

Tennessee State Penitentiary to ensure that the custodian of inmate accounts complies with the requirements of the Prison Litigation Reform Act.

It is so ORDERED.

_____
Todd Campbell
United States District Judge